UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BIJU PLATHOTTAM,

        Plaintiff,

  v.

JUNIPER NETWORKS, INC.,

        Defendant.
_____/

No. C-04-2993 JSW (EMC)

**ORDER RE PLAINTIFF'S LETTER OF SEPTEMBER 15, 2005**
**(Docket No. 31)**

        Previously, the Court ordered Plaintiff Biju Plathottam to explain why he failed to inform the Court of Defendant Juniper Networks, Inc.'s timeliness objection and to show cause why the Court should not deny his motion to compel on the basis that it is untimely under Civil Local Rule 26-2. *See* Docket No. 35 (order, filed on 9/22/05).

        Counsel for Mr. Plathottam, Waukeen Q. McCoy, filed a response on September 29, 2005. *See* Docket No. 43 (response to order to show cause, filed on 9/29/05). In the response, Mr. McCoy failed to justify why he failed to inform the Court of Juniper's timeliness objection. Simply because counsel for Juniper did not specifically use the word "'object' or any synonym of it," McCoy Decl. ¶ 6, does not excuse Mr. McCoy from providing the Court with full disclosure.

        Moreover, Mr. McCoy failed to provide a "viable excuse" for the violation of Civil Local Rule 26-2. *Goodworth Holdings, Inc. v. Suh*, 239 F. Supp. 2d 947, 966 (N.D. Cal. 2002) (Alsup, J.) (referring to prior order issued in which court denied plaintiff's motion to compel because plaintiff failed to provide a "viable excuse" for the violation of Civil Local Rule 26-2). Mr. McCoy offered two reasons why he did not timely file the motion to compel: (1) because, during the time that the

parties were meeting and conferring regarding the discovery disputes and the joint letter, he began a jury trial and two of the three attorneys working for him left and (2) because he believed the time for raising discovery disputes had not yet passed because the deposition of Mr. Plathottam and another witness (Mary Cole) had not yet been completed. *See* McCoy Decl. ¶¶ 3, 7.

While the Court appreciates that attorneys have pressing schedules and that Mr. McCoy heads a small-sized firm, the first reason offered by Mr. McCoy is not a viable excuse. Based on the Court's review of the record, it appears that the fact discovery cut-off was April 30, 2005. *See* Docket No. 17 (minute entry, filed on 3/14/05). Even with the above problems, Mr. McCoy has not explained why it took almost five months later to bring the discovery disputes to the Court's attention.

As for the second reason, it too is not a viable excuse. Judge White's order of May 1, 2005, did extend the fact discovery cut-off but the extension was clearly for the "limited purpose of completing the depositions of Mary Cole, [another witness], and Biju Plathottham." Docket No. 23 (order, filed on 5/2/05). None of the discovery disputes raised in Mr. Plathottam's letter of September 15, 2005, involve those depositions but rather concern only written discovery.

Absent a further order from Judge White reopening or extending fact discovery, the parties and this Court are bound by the case management schedule and discovery cut-off date currently in place. Accordingly, the Court finds that Mr. Plathottam has failed to show cause and hereby DENIES Mr. Plathottam's motion to compel, as reflected in his letter of September 15, 2005.

This order disposes of Docket No. 31.

IT IS SO ORDERED.

Dated: October 5, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge

2