IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIJU PLATHOTTAM, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>JUNIPER NETWORKS, INC., a corporation,<br><br>    Defendant.<br>_____/ | No. C 04-02993 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 20, 2006 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively** GRANTS Defendant's motion for summary judgment.

///

///

The parties shall each have fifteen minutes to address the following questions:

1.  In order to establish a prima facie case of discrimination, Plaintiff must demonstrate that (1) he belongs to a statutorily protected class; (2) he applied for and was qualified for an available position; (3) he suffered an adverse employment decision; and (4) similarly situated individuals not in the protected class were treated more favorably. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506 (1993).

    a.  Plaintiff does not contest the numerous disciplinary citations in the record. What evidence in the record has Plaintiff proffered to support the contention that he was qualified for the position?

    b.  If Caucasians were allegedly subject to discrimination, and Plaintiff was terminated in order to assuage that perception, what evidence in the record supports the necessary prima facie element that other employees not in Plaintiff's protected class were treated more favorably?

2.  "[S]tatements by nondecisionmakers, nor statements by decisionmakers unrelated to the decisional process itself, [cannot alone] suffice to satisfy the plaintiff's burden in this regard." *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1138 (9th Cir. 2004), *citing Price Waterhouse v. Hopkins,* 490 U.S. 228, 277 (1989) (O'Connor, J., concurring). How do the comments allegedly made by Leelanivas bear on the issue of discrimination in termination if there is no evidence that Leelanivas acted as Plaintiff's supervisor or was involved in the decision to terminate him?

3.  To establish a prima facie case of retaliation, Plaintiff must demonstrate that (1) he engaged in a protected activity; (2) Juniper subjected him to an adverse employment action; and (3) there is a causal link between the protected activity and the adverse employment action. *Manatt v. Bank of America*, 339 F.3d 792, 800 (9th Cir. 2003). Considering there never was an investigation or lawsuit in which Plaintiff refused to lie, what is the protected activity and what is the causal nexus between any such activity and his termination?

4.  If the Court grants summary judgment, is there any reason to address counsel for Plaintiff's motion to withdraw?

5.  Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: January 18, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE